IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRI ANN CHANDLER,

        Plaintiff,

   v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of the Social Security Administration,

        Respondent.

CIVIL ACTION
NO. 16-4516

**OPINION**

**Slomsky, J.**                                                                                                                         July 24, 2018

## I. INTRODUCTION

Before the Court are the Objections of Plaintiff Terri Ann Chandler to the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski. (Doc. No. 14.) On August 17, 2016, Plaintiff filed a Complaint against Defendant Commissioner of the Social Security Administration alleging that Defendant wrongfully denied Plaintiff disability insurance benefits (DIB) under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434. (Doc. No. 1.) On January 1, 2017, the Court referred the case to Magistrate Judge Sitarski for an R&R. (Doc. No. 12.) On December 15, 2017, Magistrate Judge Sitarski issued the R&R, recommending that Plaintiff's request for review be denied. (Doc. No. 13.) On December 18,

---

[1] Nancy A. Berryhill is the acting Commissioner of the Social Security Administration. Pursuant to Rule 24(d) of the Federal Rules of Civil Procedure, Berryhill replaces Carolyn W. Colvin as Defendant in this case, and no further action is needed to meet the requirement of the final sentence of 42 U.S.C. § 405(g), which states:

> Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

2017, Plaintiff timely filed Objections. (Doc. No. 14.) Defendant did not file a Response to Plaintiff's Objections. The Objections are now ripe for a decision.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the portions of the R&R to which objections have been made. After independently reviewing the Administrative Record ("Record") and for reasons that follow, the Court will approve and adopt the R&R (Doc. No. 13) in its entirety.

## II. BACKGROUND

### A. Factual and Procedural Background

On September 4, 2012, Plaintiff protectively filed for DIB, claiming disability as of June 12, 2012 due to severe migraines; depression; back, leg and neck pain; vertigo; blurred vision; lack of mobility on the right side; and numbness in the right hand and legs. (R. at 19, 169-70, 181.) On March 6, 2013, her claim was denied. (R. at 117-21.) On April 10, 2013, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. at 124.) The hearing occurred on November 17, 2014. (R. at 34-92.) Plaintiff, represented by counsel, appeared and testified at the hearing, as did an impartial vocational expert (VE). (Id.) On January 27, 2015, the ALJ issued a decision unfavorable to Plaintiff. (R. at 19-29.) Plaintiff filed a request for review with the Appeals Council on March 10, 2015. (R. at 15.) The Council denied Plaintiff's request on June 13, 2016, rendering the ALJ's decision the final decision of the Commissioner. (R. at 2-7.)

### B. Relevant Social Security Administration Regulations

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant has the burden of

proving the existence of a disability and can satisfy this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If she does so, the burden shifts to the Commissioner to show that, given the claimant's age, education and work experience, she is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f).

When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

§ 404.1520(a)(4)(i)-(v).

Between the third and fourth steps, the Social Security Administration assesses a claimant's residual functional capacity, which is "the most [a claimant] can do despite [her] limitations." § 404.1545(a)(1). The Social Security Administration uses the residual functional capacity (RFC) assessment at Step Four to determine if the claimant is able to do her "past

relevant work." § 404.1545(a)(5)(i). "Past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." § 404.1560(b)(1).

### C. The ALJ's Decision

In a decision issued on January 27, 2015, the ALJ applied the Social Security Administration's five-step sequential evaluation and determined that Plaintiff was not disabled as defined by the Act. (R. at 19-29.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 12, 2012. (R. at 21.) At step two, the ALJ found that Plaintiff suffers from the severe impairments of degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, migraines, carpal tunnel syndrome, osteoarthritis of the left knee, obesity, affective disorders and anxiety disorders. (R. at 21.) The ALJ also found that Plaintiff has non-severe medically determinable impairments of pancreatitis, anemia and hypertension. (R. at 21.) At step three, the ALJ found that Plaintiff's impairments, either alone or in combination, did not meet the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21.) At step four, the ALJ found that Plaintiff has the RFC to

> perform light work as defined in 20 C.F.R. 404.1567(b) except she can only occasionally handle and finger with her right hand; she can only occasionally climb ramps, stairs, ladders, scaffolds; she can only occasionally balance, stoop, kneel, crouch, and crawl; she is limited to performing simple, routine, and repetitive tasks; and she is limited to simple work-related decisions.

(R. at 23.)

Given his assessment of Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform her past relevant work. (R. at 27.) Considering Plaintiff's age, education, work experience and RFC, the ALJ determined at step five that jobs exist in significant numbers in the national economy that Plaintiff could perform, including usher, school bus monitor and

4

recreation aide. (R. at 27-28.) Accordingly, the ALJ found that Plaintiff was not disabled under the Act. (R. at 28.)

## III. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner of Social Security, the Court must determine whether the record demonstrates substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cherry v. Barnhart, 29 F. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402 U.S. 389, 407 (1971)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

Because the Commissioner adopts an ALJ's decision as his findings of fact, the ALJ must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); see also 42 U.S.C. § 405(b)(1).[2] An ALJ must consider, evaluate and refer to specific medical evidence in the record in his decision. See Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003). Based on this evidence, an ALJ determines whether a claimant proved a "disability," and the Commissioner adopts this decision as his finding of fact. Even if the record offers evidence that undermines the ALJ's conclusion, the Court will not overrule the decision of the

---

[2] Section 405(b)(1) provides in relevant part:

> The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based. . . .

42 U.S.C. § 405(b)(1).

5

ALJ unless the ALJ's finding is not supported by substantial evidence. Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986).

IV.     ANALYSIS

Plaintiff makes two objections to the R&R, which recommends that the Court deny Plaintiff's request for review. (Doc. No. 14.) The Objections are entitled to de novo review by this Court. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).

First, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly assessed the effects of Plaintiff's obesity in combination with her other impairments. (Doc. No. 14 at 2.) Second, Plaintiff objects to the Magistrate Judge's conclusion that in the hypothetical to the VE, the ALJ properly accounted for Plaintiff's mild limitations in her daily activities; social functioning; and concentration, persistence and pace. (Id. at 7.) The Court will discuss each Objection in turn.

  A. **The Magistrate Judge Properly Concluded that the ALJ Did Not Err in His Assessment of the Effect of Plaintiff's Obesity on Her Workplace Function**

Plaintiff argues that "the ALJ failed to meaningfully analyze the impact of Plaintiff's obesity at step five [of the sequential analysis] and in making his RFC finding."[3] (Doc. No. 14 at 5 (citing Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009)).) She argues that the evidence establishes that her "obesity, in combination with her other musculoskeletal

---

[3] As noted prior, step five provides as follows:

> At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(v).

6

impairments, presents serious obstacles to performing light work, which requires extensive standing and walking." (Id.)

Pursuant to SSR 02-01p, "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and every subsequent step." Diaz, 577 F.3d at 504. An ALJ need not use specific language in order to meet the threshold for sufficiently considering a claimant's obesity, but the discussion must include an assessment of the extent to which obesity exacerbates the claimant's other impairments. Id.; Holmes v. Astrue, No. 08-4624, 2010 WL 1730834, at *7 (E.D. Pa. Apr. 28, 2010).

Here, at step two in the sequential analysis, the ALJ determined that Plaintiff's obesity is severe, even though Plaintiff failed to allege obesity as a disabling impairment. (R. at 21.) At step three, the ALJ explained that Plaintiff's obesity was considered in combination with her other impairments, despite there being no specific listing for obesity. (R. at 23.) The ALJ stated as follows: "[T]here is no indication in the records that [Plaintiff's] condition has impaired her ability to ambulate effectively. While [Plaintiff's] weight could reasonably be expected to have some effect on her ability to perform certain work activities, these limitations are accounted for in the [RFC]." (Id.)

In the RFC assessment, the ALJ noted that during a November 2012 physical examination, Plaintiff was five feet, three inches tall and weighed 198 pounds. (R. at 25.) He determined that Plaintiff has an RFC to perform light work, "except she can only occasionally handle and finger with her right hand; . . . occasionally climb ramps, stairs, ladders, scaffolds; . . . occasionally balance, stoop, kneel, crouch, and crawl; [and] she is limited to performing simple, routine, and repetitive tasks" and "simple work-related decisions." (R. at 23.) As the Magistrate

7

Judge pointed out, this RFC accounted for Plaintiff's musculoskeletal impairments that could reasonably be impacted by Plaintiff's obesity. (Doc. No. 10 at 10.)

Thus, Plaintiff's argument that the ALJ did not meaningfully consider Plaintiff's obesity is without merit. As noted above, while the ALJ did not specifically discuss the impact of Plaintiff's obesity at step five, he explained that he considered the effect of Plaintiff's obesity in conjunction with Plaintiff's other impairments and in formulating the RFC. (R. at 23.) This satisfies SSR 02-01p, which requires that the ALJ "meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and every subsequent step." Diaz, 577 F.3d at 504; see Lugo v. Colvin, No. 13-7598, 2016 WL 2910104, at *3 (E.D. Pa. May 19, 2016) (collecting cases finding that meaningful consideration does not require the ALJ to adhere to a particular format or use "magic words"); Muniz v. Astrue, No. 11-7920, 2012 WL 6609006, at *3-4 (E.D. Pa. Dec. 19, 2012) (finding that the ALJ sufficiently considered obesity when it was found to be severe at step two, considered with other impairments at step three, and mentioned during RFC analysis).

Plaintiff's cites Diaz to support her argument that the ALJ failed to meaningfully consider the effects of her obesity. That decision, however, is factually different from this case. Here, the ALJ stated that he considered the effect of Plaintiff's obesity at step three and in reaching his conclusion on Plaintiff's RFC. (R. at 23, 25.) This is unlike Diaz, in which the lower court's decision was devoid of any discussion of the combined effects of the plaintiff's impairments. See 577 F.3d at 504 (noting that "were there any discussion of the combined effect of Diaz's impairments, we might agree with the District Court"). Moreover, the Diaz decision even acknowledged that controlling case law "does not require the ALJ to use particular language or

adhere to a particular format in conducting his analysis." Id. (citing Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); Burnett v. Comm'r of Soc. Sec., 220 F.3d 112 (3d Cir. 2000)).

For these reasons, the Magistrate Judge was correct in concluding that the ALJ properly assessed the effects of Plaintiff's obesity in combination with her other impairments. Therefore, Plaintiff's first Objection is without merit.

### B. The Magistrate Judge Properly Concluded that the ALJ Accounted for Plaintiff's Mental Impairments in the RFC Assessment

Plaintiff argues that the ALJ erred by failing to include Plaintiff's mild limitations in social functioning in the RFC and hypothetical to the VE. (Doc. No. 14 at 7.) She argues that the ALJ should have considered the "combined impact of Plaintiff's impairments, including mild difficulties in maintaining social functioning, in determining her ability to perform the positions of usher, school bus monitor, and recreation aide." (Id. at 7.)

An ALJ must consider all of a claimant's medically determinable impairments in assessing a claimant's RFC, including impairments that are not severe. 20 C.F.R. § 404.1545; Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005); Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002). When questioning a VE, an ALJ's hypothetical question must accurately convey all "credibly established limitations." Rutherford, 399 F.3d at 554. "Limitations that are medically supported and otherwise uncontroverted in the record, but that are not included in the hypothetical question posed to the expert, preclude reliance on the expert's response." Id. In determining a claimant's RFC, "the ALJ need only include in the RFC those limitations which he finds credible." Garnett v. Comm'r of Soc. Sec., 274 F. App'x 159, 163 (3d Cir. 2008).

In Ramirez v. Barnhart, the Third Circuit explained that findings of limitation in the broad functional areas, though not an RFC assessment, play a role in steps four and five, and thus need to be accounted for in the RFC and hypothetical to the VE. 372 F.3d 546, 555 (3d Cir.

9

2004). Following Ramirez, courts in the Third Circuit recognize that an ALJ may conclude that a claimant has mild limitations in one or some of the four broad function areas at step two, but then conclude that these limitations do not translate into any necessary work restrictions in the RFC assessment so long as substantial evidence supports the ALJ's conclusions.[4] This is consistent with instruction from the Third Circuit regarding judicial review of an ALJ's RFC assessment. See Holley v. Comm'r of Soc. Sec., 590 F. App'x 167, 168-69 (3d Cir. 2014) (rejecting an argument that an ALJ's RFC assessment must include specific limitations found at step two, and explaining that the issue for the court to consider is only whether the ALJ had sufficient evidentiary support for his RFC assessment to satisfy the substantial evidence standard).

Here, the ALJ found mild difficulties in social functioning at step three of the sequential analysis. (R. at 22.) He explained that his finding at step two was not an RFC assessment and that his RFC assessment took into account his previous findings at step two. (R. at 23.) Additionally, the ALJ found that "[t]he evidence suggests that [Plaintiff] is able to interact fairly well with those she encounters." (R. at 22.) Despite finding that Plaintiff had a mild limitation in social functioning, the ALJ concluded that Plaintiff nonetheless could function well enough to perform simple, routine and repetitive tasks and make simple, work-related decisions. (R. at 22-23.)

---

[4] E.g., Delio v. Comm'r of Soc. Sec., No. 13-78-E, 2014 WL 4414830, at *4 (W.D. Pa. Sept. 8, 2014) (no remand where the ALJ explained step two mild limitations were not an RFC assessment and ALJ found any mild limitations "did not cause any more than minimal limitations in her ability to perform work"); Stewart v. Astrue, No. 11-1338, 2012 WL 1969318, at *19-20 (E.D. Pa. May 31, 2012) (no remand where ALJ's failure to include mild limitations in RFC and hypothetical reflected his determination that those limitations were so minimal or negligible that they would not significantly limit the plaintiff's ability to work), report and recommendation adopted, No. 11-1338, 2012 WL 5494662 (E.D. Pa. Nov. 13, 2012).

The record supports this conclusion. For example, Dr. Saporito noted that "[Plaintiff] has friends and talks to one of them daily," and "gets along well in her family." (R. at 725-26.) Dr. Saporito also found Plaintiff has no restrictions in her ability to interact appropriately with supervisors, coworkers or the public. (R. at 729.) Additionally, Plaintiff indicated that she talks to family and friends on the phone daily, visits with her sister bi-weekly, connects with friends on social media, and has a neighbor whom she is "very close with" and spends time with on her front porch. (R. at 58-59, 203.) She also stated that she gets along "well" with authority figures and has never been fired or laid off from a job because of problems getting along with other people. (R. at 205.) Therefore, the ALJ's RFC finding is supported by more than enough evidence to satisfy the substantial evidence standard.

As noted above, contrary to Plaintiff's argument, the ALJ was not required to include limitations in the RFC and hypothetical after concluding that Plaintiff had a "mild" limitation in social functioning. See Holley, 590 F. App'x at 168-69; Delio, 2014 WL 4414830, at *4; Stewart, 2012 WL 1969318, at *19-20. Because the ALJ's RFC finding satisfied the substantial evidence standard, the Magistrate Judge was correct in finding that the ALJ did not err.

For these reasons, the Magistrate Judge was correct in concluding that the ALJ did not err in his finding regarding Plaintiff's mental impairments in the RFC assessment. Therefore, Plaintiff's second Objection is without merit.

## V. CONCLUSION

Defendant's objections to the R&R filed by Magistrate Judge Sitarski will be overruled. The R&R (Doc. No. 13) will be approved and adopted in its entirety. An appropriate Order follows.